IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANIEL BRAY )
 )
v. ) NO. 1:21-00072
 ) Campbell/Holmes
NCB MANAGEMENT SERVICES, INC., )

**O R D E R**

This *pro se* case was removed to federal court and referred to the Magistrate Judge for pretrial proceedings. *See* Order entered November 29, 2021 (Docket Entry No. 11). Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, the parties are exempt from the initial disclosures required by Rule 26(a) and the requirements of Rule 26(f). Pursuant to Local Rule 16.01(c)(1), this case is exempt from customized case management. By a separate order entered at the appropriate time, the Court will enter a scheduling order setting out deadlines for the progression of this case.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff's motion (Docket Entry No. 12) to amend his complaint is GRANTED. The Clerk is directed to docket the proposed amended complaint attached to the motion at Docket Entry No. 12-1 as Plaintiff's Amended Complaint.

Because the amended complaint will completely supplant the original complaint and become the legally operative complaint in this case, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), Defendant shall file an answer to the amended complaint within 28 days from the date of entry of this Order.[1]

---

[1] The answer to the amended complaint shall likewise supplant Defendant's previously filed answer as its operative answer.

Because Defendant's answer to the amended complaint will supplant its previously filed answer, Plaintiff's motion (Docket Entry No. 14) to strike affirmative defenses from the original answer is DENIED as moot.[2] Defendant's two motions (Docket Entry Nos. 16 & 17) for an extension of time to respond to the motion to strike are likewise DENIED as moot.

Plaintiff's motion (Docket Entry No. 19) to compel discovery responses and for revocation of *pro hac vice* admission is DENIED to the extent that Plaintiff requests that the Court revoke the permission of attorney Whitney L. White to appear *pro hac vice* in this case. Nothing raised by Plaintiff warrants the requested revocation of *pro hac vice* admission, and Plaintiff is advised to refrain from making attacks on the integrity and professionalism of any counsel of record in this case. Such attacks do nothing to further the progression of this case toward a resolution.

To the extent that Plaintiff's motion seeks to compel discovery, the motion is TAKEN UNDER ADVISEMENT.

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the

---

[2] Plaintiff's motion to strike is also styled as an "opposition to Defendant's motion to dismiss." *See* Docket Entry No. 14. However, Defendant has not filed a motion to dismiss in this case but has merely raised affirmative defenses in its answer. For this reason, no argument against dismissal is required from Plaintiff at this time. Further, as a general matter, the Court disfavors striking affirmative defenses, preferring to address the merits of defenses that are actually raised and argued in substantive motions.

2

objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

3

Case 1:21-cv-00072   Document 22   Filed 02/11/22   Page 3 of 3 PageID #: 327